# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAIGE HUNT<br>8307 Avondale Road<br>Parkville, Maryland 21234 | *<br>*<br> | |
| and | * | |
| COLLEEN SMITH<br>10 North Streeper Street<br>Baltimore, Maryland 21224 | *<br>*<br>* | |
| *Plaintiffs* | * | |
| v. | * | Case No.: 8:20-cv-1846 |
| CONSTANTINE COMMERCIAL<br>CONSTRUCTION, INC.<br>9494 Deereco Road<br>Timonium, Maryland 21093 | *<br><br>*<br><br>* | |
| Serve On: Michael D. Constantine<br>9494 Deereco Road<br>Timonium, Maryland 21093 | <br>*<br><br>* | |
| and | * | |
| Michael Constantine<br>9494 Deerco Road<br>Timonium, Maryland 21093 | <br>*<br><br>* | |
| and | * | |
| Diana Parsons<br>9494 Deerco Road<br>Timonium, Maryland 21093 | <br>*<br><br>* | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S COMPLAINT

COME NOW the Plaintiffs, Paige Hunt and Colleen Smith, by and through their attorneys, Christopher J. Smith, Esq., of The Law Office of Christopher J. Smith, LLC, and hereby sue the Defendants, Constantine Commercial Construction, Inc., Michael Constantine, and Diana Parsons. In support thereof, Plaintiffs state as follows:

## PARTIES, JURISDICTION, & VENUE

1. Plaintiff Paige Hunt is a resident of Baltimore County, Maryland.

2. Plaintiff Colleen Smith is a resident of Baltimore County, Maryland.

3. Defendant Constantine Commercial Construction, Inc. ("CCC") is a corporation doing business in the State of Maryland and organized under the laws of the same.

4. Defendant Michael Constantine is the CEO of CCC and, accordingly, manages and operates the same.

5. Defendant Diana Parsons is the CFO of CCC and, accordingly, manages and operates the same.

6. Defendants' principal place of business is located in Baltimore County, Maryland.

7. Venue is proper before this Honorable Court, as the Maryland is the locale in which all events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

8.      Jurisdiction is proper before this Honorable Court as Plaintiffs have asserted violations of federal statutes and other such claims that are so related as to form part of the same case or controversy. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

## FACTS COMMON TO ALL COUNTS

9.      Plaintiff Hunt had been, until June 16, 2020, a full-time hourly employee of the Defendants for the past six (6) years.

10.     During all times relevant hereto in 2017, Plaintiff Hunt was compensated at approximately $24.50. Plaintiff Hunt received a raise to $27.00 per hour in or about May, 2018, which remained her compensation until the cessation of her employment with the Defendants.

11.     Plaintiff Smith had been, until June 16, 2020, a full-time hourly employee of the Defendants since approximately March 5, 2018.

12.     Plaintiff Smith's pay at the beginning of her fulltime employment was $21.00 per hour. Plaintiff Smith received a raise to $24.00 per hour in or about April, 2019, which remained her compensation until the cessation of her employment with the Defendants.

13.     At all times relevant hereto, Defendants managed and otherwise oversaw the employment of the Plaintiffs, including the discipline thereof, their work duties, work schedule, conditions of employment, and rate of pay and manner thereof. Likewise, Defendants maintained or otherwise controlled the employment records of the Plaintiffs.

14. At all times relevant hereto, Plaintiffs were non-exempt employees of the Defendants. Plaintiffs were assistants who performed, *inter alia*, clerical duties and other supporting tasks for project managers and their assigned teams.

15. Plaintiffs regularly worked in excess of 40 hours per week; however, at no time were Plaintiffs ever paid properly owed overtime for those hours.

16. Over the course of the past three (3) years, Plaintiff Hunt worked, on average, approximately 51.5 hours per week for the Defendants.

17. Since March 5, 2018, Plaintiff Smith worked, on average, approximately 47 hours per week for the Defendants.

18. To date, Plaintiffs still have not been compensated for the overtime they have each worked on behalf of the Defendants. However, Plaintiffs were routinely paid less for hours they worked less than forty (40) per week.

### COUNT I
### (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)
### (Defendants, Constantine Commercial Construction, Inc., Michael Constantine, and Diana Parsons)

19. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

20. Except as specifically provided by law, the Fair Labor Standards Act ("FLSA") requires that an employer pay its employees time and a half for all hours worked in a workweek longer than forty hours. 29 U.S.C. §207(a)(1).

21. Plaintiffs regularly worked in excess of forty (40) hours per week for the Defendants, but at no time did Defendants properly compensate the Plaintiffs for overtime as required by the FLSA.

22. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs.

23. Defendants had actual or constructive knowledge that Plaintiffs worked overtime without proper compensation and willfully failed and refused to pay Plaintiff the required overtime rates. *See* 29 U.S.C. § 255(a).

24. Therefore, by way of its willful failure and refusal to pay Plaintiffs the required overtime wages for time worked, Defendants are in violation of the FLSA.

25. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants, Constantine Commercial Construction, Inc., Michael Constantine, and Diana Parsons, in the amount of all properly owed overtime compensation in compensatory damages, plus liquidated damages, punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

## COUNT II
**(Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*)**
**(Defendants, Constantine Commercial Construction,**
**Inc., Michael Constantine, and Diana Parsons)**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

27. Except as specifically provided by law, the Maryland Wage and Hour Law ("MWHL") requires that an employer pay its employees time and a half for all hours worked in a workweek longer than forty hours. Md. Code Ann., Lab. & Empl. § 3-415, 3-420.

28. Plaintiffs regularly worked in excess of forty (40) hours per week for the Defendant, but at no time did Defendants properly compensate the Plaintiffs for overtime as required by the MWHL.

29. Defendants did not and have not made a good-faith effort to comply with the MWHL as it relates to the compensation of Plaintiffs.

30. Defendants had actual or constructive knowledge that Plaintiffs worked overtime without proper compensation and willfully failed and refused to pay Plaintiff the required overtime rates.

31. Therefore, by way of its willful failure and refusal to pay Plaintiffs the required overtime wages for time worked, Defendants are in violation of the MWHL.

32. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants, Constantine Commercial Construction, Inc., Michael Constantine, and Diana Parsons, in an amount of all properly owed overtime compensation compensatory damages, plus liquidated damages, punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

## COUNT III
### (Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*)
### (Defendants, Constantine Commercial Construction, Inc., Michael Constantine, and Diana Parsons)

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

34. An employer is required to pay an employee at least once in every two (2) weeks or twice in each month. Md. Code Ann., Lab. & Empl. § 3-502.

35. More than two weeks have elapsed from the date on which Defendants were required to pay Plaintiff the aforementioned sum of monies.

36. There exists no bona fide dispute as to the wages owed to the Plaintiff by the Defendants.

37. Accordingly, Plaintiff is entitled to treble damages and statutory attorney's fees with regard to the wages remaining unpaid by the Defendants. § 3-507.2.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants, Constantine Commercial Construction, Inc., Michael Constantine, and Diana Parsons, in the trebled amount of all properly owed overtime compensation in compensatory damages, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

Respectfully submitted,

/s/Christopher J. Smith
Christopher J. Smith, Esq.
Bar No. 20459
The Law Office of Christopher J. Smith, LLC
17 West Jefferson Street, Suite 100
Rockville, Maryland 20850
(301) 760-7460 (Office)
(301) 760-7469 (Direct)
cjs@christopherjsmithlaw.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiffs, Paige Hunt and Colleen Smith, respectfully request a trial by jury as to all issues raised herein.

/s/Christopher J. Smith
Christopher J. Smith, Esq.